[L. A. No. 9258. In Bank.—January 15, 1927.]

LEO J. MUCHENBERGER et al., Appellants, v. THE CITY OF SANTA MONICA et al., Respondents.

[1] APPEAL—RECORD ON APPEAL—MOTION TO STRIKE OUT.—Where the proceedings on a trial were reported by the official reporter to the point of submission of the case for decision, and thereafter the court set aside the submission for the sole purpose of receiving the report of engineers appointed by it to report on certain incidental matters, which report was thereafter verified by witnesses and received in evidence upon a hearing at which the official reporter was not present, but which fact the parties had knowledge of and offered no objection to, a motion to strike out the whole transcript on appeal, prepared under section 953a of the Code of Civil Procedure, will be denied, where the portion which included the proceedings down to the first submission were properly certified by the judge as being true and correct and were sufficient from which to decide the appeal on the merits, and the other part of the transcript was severable therefrom.

(1) 4 C. J., p. 506, n. 98 New.

MOTION to strike out transcript on appeals from a judgment of the Superior Court of Los Angeles County. Walter Guerin, Judge. Motion denied.

The facts are stated in the opinion of the court.

James Westervelt and Black, Hammack & Black for Appellants.

Chester L. Coffin, City Attorney, for Respondent City of Santa Monica et al.

Newlin & Ashburn for Respondent Santa Monica Land Company.

RICHARDS, J.—The respondent herein, the Santa Monica Land Company, has presented a motion to strike out the reporter's transcript on both appeals herein, upon the ground that as to a certain portion of said transcript the official reporter was not present during the presentation to the trial court of the matters embraced in that particular portion thereof. The record herein discloses that the action in which these appeals were taken was one wherein the plaintiffs sought to compel the city of Santa Monica, as trustee, to perform the terms of a trust contained in that certain act of the legislature of the state of California known as "An act granting certain tidelands and submerged lands of the State of California to the City of Santa Monica upon certain trusts and conditions," approved April 10, 1917, and for such other and appropriate orders and decrees as should be meet in the premises; that upon the issues joined therein the cause came on for trial in the early part of the year 1925, before the court sitting without a jury, and that the trial of said cause lasted several days, during which oral and documentary evidence was received, and also during which main trial of the cause the official reporter of said court was present and reported the same; that on the fourth day of March, 1925, the cause was submitted to the court for decision upon the evidence theretofore taken; that on the twelfth day of May, 1925, the judge of said court filed an opinion wherein he indicated what his decision in said cause would be and that in the course of said opinion he indicated that there was a certain incidental matter relating to the details of certain work which the court suggested should be agreed upon by the parties and with reference to which the court indicated that, in the event of the failure of the parties to so agree, it would appoint two engineers, one to be named by the plaintiffs and one by defendants, who, with the city engineer of the City of Santa Monica, should prepare and present to the court their recommendation as to the details of such work. The parties not having agreed, the court appointed said engineers, and also and in order to receive their report, and evidently for that purpose alone, set aside the submis-

sion of the cause and continued the further hearing thereon for· that particular purpose until such time as such report could be prepared and presented. The matter came on for hearing thereon on September 21, 1925, whereupon the report of said engineers, after being identified and verified by them, was presented and received in evidence by the court. At the time of the presentation thereof at said hearing the official reporter was not present and the report of said engineers was received and filed without his presence, but with the knowledge of all parties concerned that he was not present at said time, and without either suggestion or objection on the part of any of them. Thereafter and on the first day of December, 1925, the court filed its findings of fact and conclusions of law in said cause and also caused to be made and entered its judgment therein. The plaintiffs appealed from the whole of said judgment, while the City of Santa Monica also filed its appeal from certain designated portions thereof. Both of these appellants united in the request to the official reporter for the preparation of the reporter's transcript on both appeals, and such transcript was accordingly prepared and certified by such reporter in so far as the same related to the main trial of said cause down to the date of the first submission thereof. The said transcript as presented to the judge of the trial court for his approval and certification also was made to contain the order of the court for the reopening of the cause for the special purpose of receiving the report of said engineers and the proceedings at the time of the reception in evidence of said report. When the matter of the settlement of said reporter's transcript came on for hearing before the trial court the respondent Santa Monica Land Company objected to the settlement of the same, basing its objection upon the ground that since no official reporter had been present when the written report of said engineers was identified and received in evidence no transcript could be prepared or settled upon said appeal under the alternative method provided in section 953a of the Code of Civil Procedure. The trial judge took the matter of the settlement of said transcript and the aforesaid objection thereto under advisement and thereafter and on April 12, 1926, appended thereto the following certificate:

"I hereby certify that the foregoing transcript, from pages 1 to 466, both inclusive, consisting of one volume, in the above proceedings, is true and correct; except that the case was reopened on the 21st day of September, 1925, for the sole purpose of receiving the reports of the engineers appointed under the order for reopening, and taking their evidence as to the correctness of the same. At said hearing on September 21, 1925, no evidence was taken from any witness save from said engineers, and that only as to the correctness of their reports. The order reopening the cause and the proceedings had thereon are incorporated in the foregoing transcript at pages 467 to 481, inclusive."

The respondents herein renew their said objections to the reporter's transcript and the settlement thereof and to the use thereof upon these appeals by their said motion to strike said transcript and the whole thereof from the files. [1] We are of the opinion that this motion should be denied. It is addressed to the reporter's transcript herein as a whole. A reference to the foregoing certificate of the trial judge will show that he has duly certified to the correctness of said reporter's transcript as to the whole of that portion thereof which embraces the main trial of the cause and the proceedings had thereon and that as to the remainder of the certificate of said judge it refers to and identifies the proceedings had upon the supplemental hearing ordered by said court for the limited purpose of receiving the report of its appointed engineers upon a merely incidental phase of said case arising after the trial and submission of the main cause. While it is probably true that the official reporter should have been present and have reported this supplemental proceeding, we are of the opinion that his absence therefrom, with the apparent knowledge and consent of all parties concerned, ought not to so far avail as to justify the granting of the respondents' motion to strike out the entire transcript herein, in view of the fact that that portion thereof which fully embraces the main proceedings during the trial of the cause was properly certified by the trial judge as being true and correct. We are of the opinion that as to the supplemental portion of said transcript which forms the basis of the respondents' assault upon the whole thereof, that portion thereof is so far severable from the remainder of said transcript as to be disregarded in determining whether there

is a sufficiently certified transcript of the cause on file as to enable the court to decide these appeals upon their merits. In presenting this motion the respondents have proffered no objection impugning the correctness of that portion of said transcript which embodies the proceedings had at the time of the receipt of the report of said engineers. Since the respondents herein are insisting upon the correctness of the judgment of said court in its entirety, it must be assumed that they have been beneficially affected by whatever portion of said judgment relates to or is based upon the report of said engineers, and this being so, and said respondents having tacitly consented to the presentation and admission in evidence of said engineers' report in the absence of the official reporter, we are of the opinion that they are not now in a position to press said motion without some showing that they have been injuriously affected by the action of the trial judge in making his foregoing certification of said transcript.

It is, therefore, ordered that the said motion be and the same is hereby denied.

Shenk, J., Seawell, J., Curtis, J., Preston, J., Langdon, J., and Waste, C. J., concurred.